UNITED STATES DISTRICT COURT
Northern District of Oklahoma

F I L E D

MAR 2 3 2017

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

JOHN OLAGUES, Pro se,
a shareholder of WPX Energy Inc
413 Sauve Rd, River Ridge LA 70123
504-305-4071
olagues@gmail.com

Plaintiff

17 CV ' 153 GKF - TLW

Private Right of Action
under Section 16 (b) of the
Securities Act of 1934
Civil Action No

v.

Richard E. Muncrief Pres & CEO,
Dennis Cameron Gen Counsel and
WPX Energy Inc.

Defendants

COMPLAINT
JURY TRIAL DEMANDED

1.  Plaintiff, alleges, based upon knowledge with respect to the facts relating to him
and upon information and belief with respect to all other allegations, as follows:

INTRODUCTION

2. This action is brought pursuant to Section 16(b) of the Securities Exchange Act
of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in
order to recover short-swing insider trading profits realized by defendants Richard
E. Muncrief Pres & CEO and Dennis Cameron Gen Counsel, while they were
statutory insiders of WPX Energy Inc.

3. Richard E. Muncrief Pres & CEO and Dennis Cameron Gen Counsel
at all relevant times were officers of WPX Energy Inc. within the meaning of
Section 16(b).

1

___Mail    ___No Cert Svc    ___No Orig Sign
___C/J    ___C/MJ    ___C/Ret'd    ___No Env
___No Cpys    ___No Env/Cpys    ___O/J    ___O/MJ

4. Section 16(b) requires company insiders to disgorge any profits earned through short-swing insider trading (i.e. non exempt purchases and sales, or non exempt sales and purchases, of the company's equity securities, within less than a six month period). Actual misuse of inside information is not an element of the claim although the statute embodies a presumption that statutory insiders have access to such inside information

## PARTIES

- Plaintiff John Olagues is a shareholder of WPX Energy Inc.

- Defendant Richard E. Muncrief Pres & CEO
- Defendant Dennis Cameron Gen Counsel
- Defendant WPX Energy Inc.

All defendants maintain their principal offices at 3500 One Williams Center, Tulsa Oklahoma 74172. Defendant WPX Energy Inc. is made a defendant as this Private Right of Action is filed on its behalf .

--------------------------------------

5. WPX Energy Inc., Common Stock is registered with the SEC pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NASDAQ and NYSE under the symbol WPX

6. WPX Energy Inc. is a necessary party as this action is brought by Plaintiff in order to obtain a recovery for the Firm.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].

8. Venue is properly laid in this District because Defendants Richard E. Muncrief Pres & CEO and Dennis Cameron Gen Counsel live and work in this District.

2

## SUBSTANTIVE ALLEGATIONS

9. The transactions illustrated below are shown on Form 4s filed with the SEC by
Richard E. Muncrief Pres & CEO and Dennis Cameron Gen Counsel.
The attached Document,  Exhibit A from SEC Form 4.com shows all of the
relevant filings by these insiders. These transactions below are all non exempt
purchases and non exempt sales (i.e.dispositions to WPX Energy) of stock within
less than 6 months and have never been approved to achieve any exemptions
from section 16 (b) of the 1934 Act.

**Richard E. Muncrief**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 20,000 | 8/21/2015 | $6.82 | 20,000 | 5/15/2015 | $13.34 | $130,400 |
| 20,000 | 8/11/2015 | $8.35 | 20,000 | 5/15/2015 | $13.34 | $99,800 |
| 30,000 | 7/16/2015 | $10.10 | 30,000 | 5/15/2015 | $13.34 | $97,200 |
| 10,000 | 3/16/2015 | $10.45 | 10,000 | 5/15/2015 | $13.34 | $28,900 |
| 10,000 | 12/10/2014 | $11.41 | 10,000 | 5/15/2015 | $13.34 | $19,300 |

Total profit ....... $376,600

The yellow highlighted transactions illustrate those where the tax liability was deferred
Pursuant to IRC 83 c-3

**Dennis Cameron**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 1800 | 8/25/2015 | $5.5 | 1800 | 3/2/2015 | $10.68 | $9324 |

Combined total profits.... $385,924

3

## BASIS FOR INFORMATION AND BELIEF

10. Plaintiff's information and belief is based on, among other things, the SEC Form 4s referenced herein and the violations of the Securities law as described below.

## ALLEGATIONS AS TO DEMAND

11. Plaintiff notified WPX Energy Inc. on September 12, 2016 of the facts alleged above (the "Demand"). Neither WPX Energy Inc. nor its attorneys requested disgorgement of the profits from defendants and refused to file suit to recover such profits totaling $ 385,924, after notices were received by WPX Energy Inc.

12.  Plaintiff claims that, among other facts, that there was no proper approval of the dispositions from Defendants Richard E. Muncrief, President & CEO and Dennis Cameron, General Counsel and there were no exemptions from Section 16 b of the 1934 Securities Act.

13. The dispositions to WPX Energy Inc. could not be exempted by SEC Rules since the dispositions were to be for alleged tax liabilities that were incurred on 5/15/2015. However, there was no income calculated and no tax liabilities on 5/15/2015 as the shares were subject to forfeiture and not transferable on 5/15/2015 pursuant to IRC 83(c)(3). Thus the tax liabilities were deferred past 5/15/2015. Since there was no specific approval of a premature disposition of shares for a tax liability that does not yet exist, there is no exemption from 16 (b) from the disposition.

14. Below is IRC 83(c)(3).

*Sales which may give rise to suit under section 16(b) of the Securities Exchange Act of 1934*

*So long as the sale of property at a profit could subject a person to suit under section 16(b) of the Securities Exchange Act of 1934, such person's rights in such property are—*

*(A)     subject to a substantial risk of forfeiture, and*

*(B)     not transferable.*

4

15. For example if an officer bought 100,000 shares at $20.00 and three months later his RSUs vested when the stock was trading at $25.00 and the officer was still an officer, a non exempt *sale* of stock at $25.00 would cause a violation of 16 b. Therefore the shares received from vesting were still considered forfeitable and non transferable. Under these conditions, the income calculation and tax liability are deferred until a non exempt sale would not cause a 16(b) violation.

16. Judge Berzon of the Ninth Circuit Court of Appeals in Strom v. U.S. (2011-1 USTC ¶50,319 ) illustrates in the verbatim quote below, that income calculation and tax liability are deferred when there is a non exempt purchase within 6 months prior to an exercise of ESOs when the stock is trading higher on the day of exercise than it was trading when the purchase was made.

17. BERZON, Circuit Judge:

*Ordinarily, when an employee is compensated with nonstatutory stock options that do not have a readily ascertainable fair market value at the time of the grant, the employee realizes income for tax purposes upon exercising the options.1 See 26 U.S.C. §§ 83(a) & (e)(3)-(e)(4); 26 C.F.R. § 1.83-7(a). The taxpayer is taxed on an amount equal to the fair market value of the stock on the date of exercise minus the option price paid for the stock. See 26 C.F.R. §1.83-1(a)(1); id. §1.83- 7(a)*

*Internal Revenue Code § 83(c)(3), however, allows taxpayers to defer recognition and valuation of income so long as a profitable sale of the stock acquired through the exercise of the options "could subject a person to suit under section 16(b) of the Securities Exchange Act of 1934." 26 U.S.C. § 83(c)(3).*

*Section 16(b), in turn, forbids a corporate insider from profiting on a purchase made within six months of a sale (or a sale made within six months of a purchase) of the corporation's stock. See 15 U.S.C. § 78p(b). If a taxpayer is permitted to defer tax consequences under IRC § 83(c)(3), the taxpayer will be later taxed on an amount equal to the fair market value of the stock on the date that § 83(c)(3) no longer applies minus the option price paid for the stock. See 26 U.S.C. § 83(a); 26 C.F.R. § 1.83-1(a)(1).*

18. Few practitioners understand IRC 83 c-(3) and are confused by the IRS examples.They do not understand the IRS clarification of March 17, 2014 and many believe that IRC 83(c) does not ever apply in any cases.

5

19. **Below is the paragraph from the IRS Bulletin of March 17, 2014**

*Specifically, practitioners asked whether the* **purchase of shares** *in a transaction not exempt from section 16(b) of the Securities Exchange Act of 1934* **prior to the exercise of a stock option** *that would not otherwise give rise to section 16(b) liability would defer taxation of the stock option exercise. Treasury and the IRS do not believe that such a non-exempt purchase of shares would defer taxation of the subsequent stock option exercise. This result is consistent with Example 3 of § 1.83–3(j)(2). In response to these requests for clarification, Treasury and the IRS have revised Example 4 of proposed regulation § 1.83–3(j)(2) to address the situation raised.*

20. The phrase *"that would not otherwise give rise to section 16(b) liability"* means that either:

a) The purchase of  shares were perhaps more than 6 months earlier than the exercise of a stock option

b) The price of the stock when the exercise of the stock option took place was equal or below the price when shares were purchased.

c) The person who purchased the shares and exercised the options was not an insider at the time of both the purchase of the shares and the exercise of the options

21. This paragraph from the IRS Bulletin of March 17, 2014, clearly illustrates that the IRS believes that IRC 83 c-3 would defer taxation from the stock option exercised by an insider (i.e. an officer, or director ) when a non exempt purchase of stock was made less than 6 months prior to the stock option exercise. In addition, when the stock was purchased, the stock was trading below the stock price on the day the ESOs were exercised.

## EXEMPTIONS PURSUANT TO SEC Rule 16 b-3(e)

22. To achieve an exemption from Section 16 (b) of the 1934 Act via SEC Rule 16 b-3(e), it is required that advance approvals of the dispositions from the officer or director to the issuer be according to SEC Rule 16b-3(e),  SEC Rule 16 b-3(d)  (1)  or (2) and Note 3, which are listed below:

6

**(e)** *Dispositions to the issuer.* Any transaction, other than a Discretionary Transaction, involving the disposition to the issuer of issuer equity securities, whether or not intended for a compensatory or other particular purpose, shall be exempt, provided that the terms of such disposition are approved in advance in the manner prescribed by either paragraph (d)(1) or paragraph (d)(2) of this section.

**(d)** *Acquisitions from the issuer.*  Any transaction, other than a Discretionary Transaction, involving an acquisition from the issuer (including without limitation a grant or award), whether or not intended for a compensatory or other particular purpose, shall be exempt if:

**(1)** The transaction is approved by the board of directors of the issuer, or a committee of the board of directors that is composed solely of two or more Non-Employee Directors;

**(2)** The transaction is approved or ratified, in compliance with section 14 of the Act, by either: the affirmative votes of the holders of a majority of the securities of the issuer present, or represented, and entitled to vote at a meeting duly held in accordance with the applicable laws of the state or other jurisdiction in which the issuer is incorporated; or the written consent of the holders of a majority of the securities of the issuer entitled to vote; *provided that* such ratification occurs no later than the date of the next annual meeting of shareholders;

**Note (3):**
The approval conditions of paragraphs (d)(1), (d)(2) and (e) of this section require the approval of each specific transaction, and are not satisfied by approval of a plan in its entirety except for the approval of a plan pursuant to which the terms and conditions of each transaction are fixed in advance, such as a formula plan. Where the terms of a subsequent transaction (such as the exercise price of an option, or the provision of an exercise or tax withholding right) are provided for in a transaction as initially approved pursuant to paragraphs (d)(1), (d)(2) or (e), such subsequent transaction shall not require further specific approval.

---

7

23. So to achieve an exemption for the dispositions on 5/15/2015, one of the following requirements are necessary:

1. Each specific disposition must be approved by the Board or by a proper Compensation Committee or.
2. The Plan contains approvals whereby the terms and conditions of each disposition is fixed in advance such as a formula plan or
3. Where the **terms** of a subsequent transaction (such as the terms of a tax withholding right) are provided for in a transaction as initially approved pursuant to paragraphs (d)(1), (d)(2) or (e),

24. None of the 3 above requirement approvals are present here, as the withholding of shares is discretionary by the issuer as stated in the 2013 Time Based Restricted Stock Unit Agreement and there was no approval of tax payments for tax liabilities that did not exist at the time of the dispositions. This is illustrated by the the last sentence in Section 16(c) of the Award Agreement shown below:

25. *"Notwithstanding the foregoing, to the extent permitted by Section 409A of the Code and the guidance issued by the Internal Revenue Service thereunder, if federal employment taxes become due when the Participant becomes entitled to payment of Shares, the number of Shares necessary to cover minimum statutory withholding requirements may, in the discretion of the Company, be used to satisfy such requirements upon such entitlement."*

26. The SEC staff addressed whether there is an exemption from Section 16(b) for dispositions to the issuer of equity securities, when the issuer has discretion as to the terms and method of withholding for the tax liability by the officer or director.

27. The SEC did so in the Q and A # 123.16 (May 2007) as shown on the following page.

8

Q and A to and from the SEC followed by analysis by Romeo and Dye

**28.  Question: Would approval of a grant that by its terms provides for automatic reloads satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants?**

**29. Answer: Yes. Approval of a grant that by its terms provides for automatic reloads would satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants, unless the automatic reload feature permitted the reload grants to be withheld by the issuer on a discretionary basis.**

**30. The same result applies under Rule 16b-3(e) where the automatic feature is a tax- or exercise-withholding right. [May 23, 2007]**
----------------------

31.  Romeo and Dye expressing their views about the above Q and A stated:

*"(6) Issuer Discretion To Disallow Stock Withholding, Surrender, Or Delivery May Call Into Question Availability Of Rule 16b-3(e). The staff (of the SEC) has taken the position that a net exercise or tax withholding transaction that is **subject to issuer discretion would require specific approval of individual transaction** in order for the Rule 16b-3(e) exemption to be available.*

*32. See Compliance and Disclosure Interpretations, Exchange Act Section 16 and Related Rules and Forms, Q. 123.16 (May 23, 2007). Apparently the staff is concerned that the issuer's discretion means the board or committee delegated to management the decision whether to approve withholding, rather than making the decision itself."* ----------------------------------------

33. So Alan Dye has interpreted the SEC Staff Q and A to mean that when the **issuer has discretion** as to whether to require cash or shares in payment of a tax liability or an exercise price payment, this would require a *specific approval of the individual transaction by the Board or Directors or the Compensation Committee* in order for the Rule 16b-3(e) exemption to be available.

9

34. There is no specific approval by the Board or the Compensation Committee for the dispositions to the issuer in this case. Thus there is no exemption from 16 ( b) via SEC Rule 16 b-3 (e). An this is exactly what Romeo and Dye have interpreted the SEC Staff as stating. The only approval by the Board or the Committee is for the issuer to have discretion.

## PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff prays for judgment against Richard E. Muncrief Pres & CEO and Dennis Cameron Gen Counsel officers for WPX Energy Inc.
in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

36. The amount to be at a minimum of $ 385,924.

DATED this $10$ day of  March,  2017

Respectfully Submitted

John Olagues

10

# Exhibit A

http://www.secform4.com/insider-trading/1413122.htm

http://www.secform4.com/insider-trading/1595720.htm

# Sec Form 4

| | | | |
|---|---|---|---|
| Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks / Insider Buying | Insider Sales |
| Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Sec Filings Insider Trading - Muncrief Richard E

Select Time period: 2 Years | Go!   G google  y yahoo!

Send this page to: B Blog  Digg  Reddit  f Facebook  su Stumble  del.icio.us

Enter Stock Ticker Symbol or Cik: ____ Search!  Cik Lookup...

Search By Company or Insider Name: ____ Search! Google

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ==>> What is insider trading>>

Email a friend >>...



Insider Trading - Muncrief Richard E
(c) http://www.secform4.com/

Total buys $806,320, total sales: $0, net total: $806,320
(Vertical in logarithmic scale, Chart based on reported date)

### Common stock purchase or sale:

| Transaction Date | Reported Date | Company | Symbol | Insider Relationship | Shares Traded | Average Price | Total Amount | Shares Owned | Filing |
|---|---|---|---|---|---|---|---|---|---|
| 2016-06-06 Purchase | 2016-06-08 3:09 pm | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 20,400 | $9.8 | $199,920 | 732,481 (Direct) | View |
| 2015-08-21 Purchase | 2015-08-24 12:20 pm | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 20,000 | $6.82 | $136,400 | 409,935 (Direct) | View |
| 2015-08-11 Purchase | 2015-08-12 5:23 pm | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 20,000 | $8.35 | $167,000 | 389,935 (Direct) | View |
| 2015-07-16 Purchase | 2015-07-20 4:07 pm | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 30,000 | $10.1 | $303,000 | 369,935 (Direct) | View |

### Stock options: Exercise, Award, Grant, Conversion

| Transaction Date | Reported Date | Exercisable Expiration | Company | Symnbol | Insider Relationship | Shares Traded | Conversion Price | Shares Owned | Filing |
|---|---|---|---|---|---|---|---|---|---|
| 2016-12-01 Gift | 2016-12-02 4:44 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 20,000 | $0 | 712,481 (Direct) | View |
| 2016-05-19 Option Award | 2016-05-23 5:45 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 360,000 | $0 | 712,081 (Direct) | View |
| 2016-05-19 Option Award | 2016-05-23 5:45 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 240,000 | $0 | 712,081 (Direct) | View |
| 2016-05-15 Exercise | 2016-05-17 3:37 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 144,347 | $0 | 144,347 (Direct) | View |
| 2016-05-15 Exercise | 2016-05-16 5:51 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 144,347 | $0 | 539,852 (Direct) | View |
| 2016-05-15 Tax Withholding | 2016-05-16 5:51 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 67,771 | $9.12 | 539,852 (Direct) | View |
| 2016-05-15 Exercise | 2016-05-16 5:51 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 144,347 | $0 | 539,852 (Direct) | View |
| 2016-03-03 Tax Withholding | 2016-03-07 10:44 am | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 10,974 | $5.21 | 406,479 (Direct) | View |
| 2016-03-03 Exercise | 2016-03-07 10:44 am | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 23,373 | $0 | 406,479 (Direct) | View |
| 2016-03-03 Exercise | 2016-03-07 10:44 am | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 23,373 | $0 | 406,479 (Direct) | View |
| 2016-03-02 Tax Withholding | 2016-03-03 5:36 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 26,829 | $4.79 | 383,106 (Direct) | View |
| 2015-05-15 Exercise | 2015-05-18 4:38 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 192,463 | $0 | 430,778 (Direct) | View |
| 2015-05-15 Tax Withholding | 2015-05-18 4:38 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 90,843 | $13.34 | 430,778 (Direct) | View |
| 2015-05-15 Exercise | 2015-05-18 4:38 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 192,463 | $0 | 430,778 (Direct) | View |
| 2015-03-02 Option Award | 2015-03-20 12:42 pm | N/A N/A | Wpx Energy Inc | WPX | Muncrief Richard E President and CEO Director | 171,428 | $0 | 215,428 (Direct) | View |

# Sec Form 4

| | | | | |
|---|---|---|---|---|
| Form 4 Filings | Insider Buys | Significant Buys | Penny Stocks Insider Buying | Insider Sales |
| Insider Buy Sell Ratios | Stock Options | Insider Trading Stock Screener | Insider Trading Graph View | Insider Watch |

## Sec Filings Insider Trading - Cameron Dennis C

Select Time period:  2 Years  ⟨⟩  Go! | ↻ google | 🦋 yahoo!

Send this page to:  🅱 Blog  🌀 Digg  🔴 Reddit  f Facebook  su Stumble  ▄ del.icio.us

Enter Stock Ticker Symbol or Cik: _____  Search! | Cik Lookup...

Search By Company or Insider Name: _____  Search! | Google

"Insiders might sell their shares for any number of reasons, but they buy them for only one: they think the price will rise"
- Peter Lynch ===> What is insider trading>>

🔄 Email a friend >>...

Insider Trading - Cameron Dennis C
(c) http://www.secform4.com/

Total buys: $20,000, total sales: $0, net total: $20,000
(Vertical in logarithmic scale; Chart based on reported date)

### Common stock purchase or sale:

| Transaction Date | Reported Date | Company | Symbol | Insider Relationship | Shares Traded | Average Price | Total Amount | Shares Owned | Filing |
|---|---|---|---|---|---|---|---|---|---|
| 2015-08-25 Purchase | 2015-08-26 2:04 pm | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 1,800 | $5.5 | $9,900 | 53,939 (Direct) (Indirect) | View |
| 2015-07-16 Purchase | 2015-07-20 3:49 pm | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 1,000 | $10.1 | $10,100 | 53,939 (Direct) | View |

### Stock options: Exercise, Award, Grant, Conversion

| Transaction Date | Reported Date | Exercisable Expiration | Company | Symnbol | Insider Relationship | Shares Traded | Conversion Price | Shares Owned | Filing |
|---|---|---|---|---|---|---|---|---|---|
| 2016-12-23 Gift | 2016-12-23 12:52 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 1,475 | $0 | 112,430 (Direct) | View |
| 2016-05-19 Option Award | 2016-05-23 5:33 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 33,333 | $0 | 113,905 (Direct) | View |
| 2016-05-19 Option Award | 2016-05-23 5:33 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 50,000 | $0 | 113,905 (Direct) | View |
| 2016-03-04 Exercise | 2016-03-07 5:12 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 4,219 | $0 | 67,405 (Direct) | View |
| 2016-03-04 Exercise | 2016-03-07 5:12 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 10,818 | $0 | 67,405 (Direct) | View |
| 2016-03-04 Exercise | 2016-03-07 5:12 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 6,491 | $0 | 67,405 (Direct) | View |
| 2016-03-04 Tax Withholding | 2016-03-07 5:12 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 3,500 | $5.84 | 67,405 (Direct) | View |
| 2016-03-04 Exercise | 2016-03-07 5:12 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 10,818 | $0 | 67,405 (Direct) | View |
| 2016-03-04 Tax Withholding | 2016-03-07 5:12 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 1,365 | $5.84 | 67,405 (Direct) | View |
| 2016-03-03 Exercise | 2016-03-07 10:19 am | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 5,724 | $0 | 55,585 (Direct) | View |
| 2016-03-03 Tax Withholding | 2016-03-07 10:19 am | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 1,852 | $5.21 | 55,585 (Direct) | View |
| 2016-03-03 Exercise | 2016-03-07 10:19 am | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 5,724 | $0 | 55,585 (Direct) | View |
| 2016-03-02 Tax Withholding | 2016-03-03 5:29 pm | N/A N/A | Wpx Energy Inc | WPX | Cameron Dennis C SVP and General Counsel | 4,078 | $4.79 | 49,861 (Direct) | View |

© 2005-2017 SecForm4.Com All rights reserved.
Archives: 2017 2016 2015 2014 2013 2012 ...
Mon, 20 Mar 2017 08:21:42 -0500

SEC is the U.S. Securities and Exchange Commission. EDGAR is a trademark of the SEC.
SecForm4.Com is not affiliated with or approved by the U.S. Securities and Exchange Commission (SEC).
Terms of Use | Privacy Statement |

Truth in Options
Stock Options Consultants

John Olagues
413 Sauve Rd.
River Ridge, LA 70123
U.S.A

CERTIFIED MAIL

7016 0910 0002 1992 3273



U.S. POSTAGE
PAID
NEW ORLEANS, LA
70123
MAR 20 17
AMOUNT
$5.38
R2305H127334-15

1000    74103

17 CV 153 GKF - TLW

Postmarked 3/20/17-SC

Clerk of Court
U.S. District Court.
Northern Dist of OKLAhomA.
333 W. 4th Street
Tulsa OK 74103